**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| MARION DAVE MOORE, SR., | |
| Petitioner, | |
| v. | CAUSE NO. 3:25-CV-1077-TLS-APR |
| INDIANA ATTORNEY GENERAL, | |
| Respondent. | |

**OPINION AND ORDER**

Marion Dave Moore, Sr., a prisoner without a lawyer, filed a habeas petition to challenge his outstanding arrest warrants issued by the St. Joseph Superior Court in Case No. 71D01-2309-F6-1052 and in Case No. 71D03-2211-CM-2199. He also seeks to challenge the rulings in a juvenile paternity proceeding in the Marshall Superior Court in Case No. 50C01-2309-JP-75. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Section 2241 and Section 2254 allow habeas petitioners to raise claims that they are in custody in violation of constitutional and federal law. 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). Moore presently resides in Houston, Texas (ECF 7), and there is no indication that he is presently detained or incarcerated. "Whether someone who is not under physical constraint can be considered in custody depends on the amount of restriction placed on his or her individual liberty." *Vargas v. Swan*, 854 F.2d 1028, 1030 (7th Cir. 1988). "The restriction must amount to a severe restraint on individual liberty before it is deemed custody." *Id.*

In the petition, Moore argues that he is in custody as a result of outstanding arrest warrants. The electronic docket for the St. Joseph Superior Court indicates that it first issued an

arrest warrant for Moore on September 20, 2023, and, now more than two years later, he resides more than one thousand miles away in Houston, Texas. It does not appear that Moore is subject to any conditions like those associated with probation, parole, or release on bond. While Moore understandably prefers that these criminal cases be dismissed, it is unclear how these outstanding arrest warrants amount to a severe restraint on his liberty. Moreover, numerous federal courts have reached the same conclusion that an outstanding arrest warrant does not constitute custody for purposes of habeas review. *See McCullough v. Nebraska*, 2025 WL 2294901, at *2 (D. Neb. Aug. 8, 2025) ("Nor does the existence of the outstanding arrest warrant alone satisfy the in custody requirement."); *Jones v. United States*, 2011 WL 3042023, at *3 (E.D. Ark. June 17, 2011) ("These allegations [that an outstanding arrest warrant dissuades the petitioner from returning to her home state] fall far short of demonstrating the kind of severe and immediate restraint upon liberty sufficient to invoke and maintain jurisdiction under the federal habeas statutes."); *Prall v. Att'y Gen. of Rhode Island*, 2010 WL 737646, at *7 (D.R.I. Mar. 1, 2010) (finding that an outstanding arrest warrant did not satisfy the custody requirement). On this basis, the court finds that the outstanding arrest warrants do not satisfy the custody requirement.

Moore next asserts that he is in custody due to the rulings of the Marshall Circuit Court in a juvenile paternity proceeding, including modified parenting time and supervised contact. However, the Supreme Court of United States has rejected the extension of habeas corpus to this type of domestic proceeding. *Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502, 511 (1982) ("Although a federal habeas corpus statute has existed ever since 1867, federal habeas has never been available to challenge parental rights or child custody."). Consequently, the court finds that the rulings in the juvenile paternity proceeding also do not satisfy the custody requirement. Because Moore cannot satisfy the custody requirement, the court cannot grant him habeas relief. Therefore, the court denies the habeas petition.

Moore also filed a motion for leave to file documents electronically. ECF 9. However, the court allows only attorneys admitted to practice in the Northern District of Indiana to file documents electronically.[1] Because Moore is not such an attorney, the court denies this motion.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or whether the petition states a valid habeas claim. Therefore, the court denies Moore a certificate of appealability.

For these reasons, the court:

(1) DISMISSES the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases for lack of custody;

(2) DENIES Marion Davis Moore, Sr., a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

(3) DIRECTS the clerk to close this case; and

(4) DENIES the motion for leave to file documents electronically (ECF 9).

SO ORDERED on February 12, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[1] This policy is articulated in the court's CM/ECF Civil and Criminal User Manual, which is available at https://www.innd.uscourts.gov/CMECFManualsAndGuides.